ACCEPTED
03-15-00455-CV
8390479
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/29/2015 11:54:22 AM
JEFFREY D. KYLE
CLERK

**NO. 03-15-00455-CV**

_____

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/29/2015 11:54:22 AM
JEFFREY D. KYLE
Clerk

IN THE COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT
OF TEXAS AT AUSTIN

_____

**SCOTT P. OGLE**, Appellant

V.

**MAELI HECTOR, a/k/a MAELI ARELLANO,
a/k/a MAELI JOHNSON**, Appellee

_____

On Appeal from County Court at Law Number One
of Travis County, Texas
The Honorable Todd Wong
Presiding in Cause No. C-1-CV-14-011792

_____

_____

**APPELLANT'S BRIEF**

_____

Scott Ogle
TBN: 00797170
Law Office of Scott P. Ogle
2028 Ben White Blvd.
Austin, TX 78704
Phone: (512) 442-8833
Fax:   (512) 442-3256
soglelaw@peoplepc.com
Appellant Pro Se

*No Oral Argument Requested*

# IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties to the trial court's final judgment, as well as the names and addresses of all trial and appellate counsel.

| | |
|---|---|
| Trial Judge: | The Honorable Todd Wong, presiding judge, Travis County Court Number One |
| Appellant: | Scott P. Ogle |
| Appellant's Trial and Appellate Counsel: | Scott Ogle<br>TBN: 00797170<br>Law Office of Scott P. Ogle<br>2028 Ben White Blvd.<br>Austin, TX 78704 |
| Appellee: | Maeli Hector, a/k/a Maeli Arrellano, a/k/a Maeli Johnson |
| Appellees' Trial and Appellate Counsel: | Paul A. Batrice<br>TBN: 24048344<br>Law Office of Paul Batrice<br>1114 Lost Creek Blvd., Ste. 440<br>Austin, Texas 78746 |

i

# TABLE OF CONTENTS

*page*

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .iv

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

POINTS OF ERROR PRESENTED. . . . . . . . . . . . . . . . . . . . . . . .2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . .4

ARGUMENT AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . .5

I.      The trial court erred when it awarded attorney fees to
        Appellee. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

        A.      *Appellee Failed to Request Attorneys' Fees.* . . . . . . . . . . .5

        B.      *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

        C.      *Authority to Recover Attorney Fees.* . . . . . . . . . . . . . . . .8

        D.      *Controlling Rules and Statutes.* . . . . . . . . . . . . . . . . . . .9

        E.      *Discussion.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

II.     The amount of the attorneys' fees awarded to Appellee
        were unreasonable. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

        A.      *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

B.      *Controlling Law.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

C.      *Application.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

III.    The trial court erred when it granted
Appellee's Motion for Summary Judgment
on Promissory Estoppel. . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

A.      *Standard of Review.* . . . . . . . . . . . . . . . . . . . . . . . . . . 24

B.      *Discussion.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . 28

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . 29

APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

# TABLE OF AUTHORITIES

*Cases*                                                              *page*

*Aaron Rents, Inc. v. Travis Cent. Appraisal Dist.,*
 212 S.W.3d 665 (Tex. App.—Austin 2006, no pet.). . . . . . 18

*Acad. Corp. v. Interior Buildout & Turnkey Constr., Inc.,*
 21 S.W.3d 732 (Tex. App.—
  Houston [14th Dist.] 2000, no pet.). . . . . . . . . . . . . 21

*Arthur Andersen & Co. v. Perry Equip. Corp.,*
 945 S.W.2d 812, 818 (Tex. 1997). . . . . . . . . . . . . . . . . . 21, 22

*Barnum v. Munson, Munson, Pierce and Cardwell, P.C.,*
 998 S.W.2d 284 (Tex. App.—
  Dallas 1999, pet. denied). . . . . . . .10, 11, 12, 13, 15, 18

*In re Bennett,*
 960 S.W.2d 35 (Tex. 1997). . . . . . . . . . . . . . . . . . . . . . . . 16

*Burnside Air Conditioning & Heating, Inc. v. T.S. Young Corp.,*
 113 S.W.3d 889 (Tex. App.—Dallas 2003, no pet.). . . . . . .21

*C.M. Asfahl Agency v. Tensor, Inc.,*
 135 S.W.3d 768 (Tex. App.—
  Houston [1st Dist.] 2004, no pet.). . . . . . . . . . . . . . 21

*Centeq Realty, Inc. v. Siegler,*
 899 S.W.2d 195 (Tex. 1995). . . . . . . . . . . . . . . . . . . . . . . 25

*Cire v. Cummings,*
 134 S.W.3d 835 (Tex. 2004). . . . . . . . . . . . . . . . . . . . . . . . 7

*City of Keller v. Wilson,*
 168 S.W.3d 802 (Tex. 2005). . . . . . . . . . . . . . . . . . . . . . . 19

*City of Fort Worth v. Gause,*
129 Tex. 25, 101 S.W.2d 221 (1937). . . . . . . . . . . . . . . . . . . . .6

*Crain v. San Jacinto Sav. Ass'n,*
781 S.W.2d 638 (Tex. App.—
Houston [14th Dist.] 1989, writ dism'd). . . . . . . . . 5-6

*Downer v. Aquamarine Operators, Inc.,*
701 S.W.2d 238 (Tex. 1985). . . . . . . . . . . . . . . . . . . . . . . . 16

*Eberstein v. Hunter,*
260 S.W.3d 626 (Tex. App.–Dallas 2008, no pet.). . . . .23, 24

*Ebner v. First State Bank of Smithville,*
27 S.W.3d 287 (Tex. App.–Austin 2000, pet. denied). .26-27

*English v. Fischer,*
660 S.W.2d 521 (Tex. 1983). . . . . . . . . . . . . . . . . . . . . . . . 26

*Gorman v. Gorman,*
966 S.W.2d 858 (Tex. App.—
Houston [1st Dist.] 1998, pet. denied). . . . . . . . .11, 13

*Greene v. Young,*
174 S.W.3d 291 (Tex. App.–
Houston [1st Dist.] 2005, pet. denied). . . . . . . . . . . .16

*GTE Communications Sys. Corp. v. Curry,*
819 S.W.2d 652 (Tex. App.—
San Antonio 1991, no writ). . . . . . . . . . . . . . . . . .11, 13

*Holmstrom v. Lee,*
26 S.W.3d 526 (Tex. App.–Austin 2000, no pet.). . . . . . . 25

*Keever v. Finlan,*
988 S.W.2d 300 (Tex. App.–Dallas 1999, pet. dism'd). . . .10

*Kennedy v. Kennedy*,
 125 S.W.3d 14 (Tex. App.– Austin 2002, pet. denied).17, 18

*KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*,
 988 S.W.2d 746 (Tex. 1999). . . . . . . . . . . . . . . . . . . . . .25-26

*Lear Siegler, Inc. v. Perez*,
 819 S.W.2d 470 (Tex. 1991). . . . . . . . . . . . . . . . . . . . . . 25

*Loeffler v. Lytle Indep. School Dist.*,
 211 S.W.3d 331 (Tex. App.–San Antonio 2006, no pet.). . 15

*Low v. Henry*,
 221 S.W.3d 609 (Tex. 2007). . . . . . . . . . . . . . . . . . . . . . 14, 15

*Lundy v. Masson*,
 260 S.W.3d 482 (Tex. App.—
  Houston [14th Dist.] 2008, pet. denied). . . . . . . . . . 19

*In re M.A.N.M.*,
 231 S.W.3d 562 (Tex. App.—Dallas 2007, no pet.). . . . . .21

*McNally v. Guevara*,
 52 S.W.3d 195 (Tex. 2001). . . . . . . . . . . . . . . . . . . . . . . . . 7

*Nixon v. Mr. Prop. Mgmt. Co.*,
 690 S.W.2d 546 (Tex. 1985). . . . . . . . . . . . . . . . . . . . . . . 25

*Petco Animal Supplies, Inc. v. Schuster*,
 144 S.W.3d 554 (Tex. App.—Austin 2004, no pet.). . . . . . 21

*Polansky v. Berenji*,
 393 S.W.3d 362 (Tex. App.–Austin 2012, no pet.). . . 7, 8, 18

*Rivera v. Countrywide Home Loans, Inc.*,
 262 S.W.3d 834 (Tex. App.–Dallas 2008, no pet.). . . . .14-15

*Rizkallah v. Conner*,
   952 S.W.2d 580 (Tex. App.–
      Houston [1st Dist.] 1997, no pet.). . . . . . . . . . . . . . 23

*Ryland Group, Inc. v. Hood*,
   924 S.W.2d 120 (Tex. 1996). . . . . . . . . . . . . . . . . . . . . . 23

*Spohn Hosp. v. Mayer*,
   104 S.W.3d 878 (Tex. 2003). . . . . . . . . . . . . . . . . . . 14, 15

*State v. Estate of Brown*,
   802 S.W.2d 898 (Tex. App.–San Antonio 1991, no writ).6, 7

*Stoner v. Thompson*, 578 S.W.2d 679 (Tex. 1979). . . . . . . . . . . . . . . 6

*Stukes v. Bachmeyer*,
   249 S.W.3d 461 (Tex. App.–Eastland 2007, no pet.). . . . . .19

*Sudan v. Sudan*,
   199 S.W.3d 291 (Tex. 2006). . . . . . . . . . . . . . . . . . . . . . 25

*Toles v. Toles*,
   45 S.W.3d 252 (Tex. App.–
   Dallas 2001, pet. denied). . . . . . . . . . . . . . . . . . . . . .13, 15, 18

*Tony Gullo Motors I, L.P. v. Chapa*,
   212 S.W.3d 299 (Tex.2006). . . . . . . . . . . . . . . . . . . . . . . .8

*TransAmerican Natural Gas Corp. v. Powell*,
   811 S.W.2d 913 (Tex.1991). . . . . . . . . . . . . . . . . . . . . . .14

*Travelers Indem. Co. of Conn. v. Mayfield*,
   923 S.W.2d 590 (Tex.1996) (orig. proceeding). . . . . . . . . . . 7

*Twin City Fire Ins. Co. v. Vega–Garcia*,
   223 S.W.3d 762 (Tex. App.–Dallas 2007, pet. denied). . . .20

*Unifund CCR Partners v. Villa,*
  299 S.W.3d 92 (Tex. 2009) (per curiam). . . . . . . . . . . .7, 8, 17

*Vazquez v. Vazquez,*
  292 S.W.3d 80 (Tex. App.–
   Houston [14th Dist.] 2007, no pet.). . . . . . . . . . . . . 20

*Wal–Mart Stores, Inc. v. Canchola,*
  121 S.W.3d 735 (Tex. 2003). . . . . . . . . . . . . . . . . . . . . . . 19

*Woodhaven Partners, Ltd. v. Shamoun & Norman, LLP.,*
  422 S.W.3d 821 (Tex. App.–Dallas 2014, no pet.). . . . .19-20

*Zarsky v. Zurich Management, Inc.,*
  829 S.W.2d 398 (Tex. App.—
   Houston [14 th Dist.] 1992, no writ). . . . . . . . . . . . . 10

## Statutes

TEX. CIV. PRAC. & REM. CODE ANN. § 10.001(1) (West 2008) . . . .9

TEX. CIV. PRAC. & REM. CODE ANN. §§ 10.002(b) (West 2008). . 16

TEX. CIV. PRAC. & REM. CODE ANN. § 10.002(c) (West 2008). . . . .9

TEX. CIV. PRAC. & REM. CODE ANN. §§ 10.003 (West 2008). . . . .16

TEX. CIV. PRAC. & REM. CODE ANN. § 10.004(a) (West 2008). . . . .9

TEX. CIV. PRAC. & REM. CODE ANN. § 10.004(c)(3) (West 2008). . 9

TEX. CIV. PRAC. & REM. CODE ANN. § 10.005 (West 2008). . .14, 15

## Court Rules

TEX. R. CIV. P. 13. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

TEX. R.CIV. P. 45(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

TEX. R.CIV. P. 78 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

TEX. R.CIV. P. 83. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

TEX. R. CIV. P. 166a(c). . . . . . . . . . . . . . . . . . . . . . . . . .22, 25, 26

TEX. R. CIV. P. 215.2(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

TEX. R. CIV. P. 301 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

## STATEMENT OF THE CASE

On December 22, 2014, Appellant Pro Se Scott Ogle ("Ogle" or "Appellant") filed suit in Travis County Court Number One against Maeli Hector, a/k/a Maeli Arellano, a/k/a Maeli Johnson ("Hector" or "Appellee"), alleging breach of contract. [C.R. 11-14]. Hector timely answered on January 30, 2015. [C.R. 46-49]. Hector filed her Amended Motion for Summary Judgment on May 6, 2015. [C.R. 259-322]. Ogle filed his Response to the motion on May 20, 2015. [C.R. 349-362]. Hector's Motion for Summary Judgment was granted by the trial court on June 5, 2015. [C.R. 469].[1]

Hector then filed her Motion for Summary Judgment as to Promissory Estoppel on June 4, 2015. [C.R. 434-461]. Ogle filed his response to said motion on June 24, 2015. [497-502]. The trial court granted Hector's Motion for Summary Judgment as to Promissory

---

[1] The trial court grounded its order granted summary judgment on the affirmative defense of discharge. Specifically excluded from the order granting summary judgment was Ogle's promissory estoppel claim. [C.R. 469].

Estoppel. [C.R. 503].[2] Ogle timely filed his Notice of Appeal on July 21, 2015. [C.R. 511]. This timely appeal ensued.

## POINTS OF ERROR PRESENTED

### POINT OF ERROR ONE

I.    **The trial court erred when it awarded attorney fees to Appellee.**

### POINT OF ERROR TWO

II.   **The amount of the attorneys' fees awarded to Appellee were unreasonable.**

### POINT OF ERROR THREE

III.  **The trial court erred when it granted Appellee's Motion for Summary Judgment on Promissory Estoppel.**

### STATEMENT OF FACTS

On or about November 21, 2014, Ogle and Hector orally and via text message agreed to settle an earlier lawsuit between the two. [C.R. 501]. The terms generally held that Hector would submit to a lie detector test in return for Ogle's taking a non-suit

---

[2] Two different orders were signed by the trial court in granting summary judgment on Ogle's promissory estoppel claim, one dated July 1, 2015, [C.R. 503], and one dated July 8, 2015. [C.R. 505]. The only difference between the two orders being the July 8, 2015, order purported to grant attorney fees, costs, and post-judgment interest to Appellee. [C.R. 505].

in that prior lawsuit, as well as the payment of Hector's attorney fees in the amount of $2500. [C.R. 501]. However, after Ogle paid the $2500 attorney fees and non-suited that prior lawsuit, Hector refused to take the agreed-upon lie detector test. [C.R. 501]. Due to the statute of limitations having passed, Ogle was unable to refile his suit, and Hector refused to reimburse Ogle for the $2500 he had previously paid. [501].

Ogle filed the instant breach of contract and promissory estoppel suit on December 22, 2015. [C.R. 11-14]. Hector timely answered on January 30, 2015. [C.R. 46-49]. In her Answer, Hector did not plead for or request attorney fees. [C.R. 46-49].

Hector filed her Amended Motion for Summary Judgment on May 6, 2015. [C.R. 259-322]. Ogle filed his Response to the motion on May 20, 2015. [C.R. 349-362]. Hector's Motion for Summary Judgment was granted by the trial court on June 5, 2015. [C.R. 469]. In its Order, the trial court specifically grounded the judgment on the affirmative defense of discharge, and specifically excluded Ogle's promissory estoppel claim from the

summary judgment. [C.R. 469]. The trial court did not award attorney fees in that June 5, 2015 order. [C.R. 469-70].

Still prior to the end of discovery, Hector then filed her Motion for Summary Judgment as to Promissory Estoppel on June 4, 2015. [C.R. 434-461]. Ogle filed his response on June 24, 2015. [497-502]. The trial court granted Hector's Motion for Summary Judgment as to Promissory Estoppel. [C.R. 503]. The Order Granting Summary Judgment as to Promissory Estoppel purported to award Hector attorney fees in the amount of $10,150, courts costs in the amount of $787.42, and post-judgment interest at the rate of five percent, compounded annually. [C.R. 505]. At no time did Hector ever file an Amended Answer in the trial court this cause. [C.R. 2-7].

## SUMMARY OF THE ARGUMENT

Because the award of attorney fees did not match the pleadings, were affirmatively waived by Appellee, were not supported by sufficient evidence, or were assessed without opportunity to oppose, the trial court abused its discretion in

4

awarding those fees.

Because Ogle submitted sufficient evidence to raise a genuine issue of material fact regarding his promissory estoppel claim, the trial court abused its discretion in granting Appellee's Motion for Summary Judgement as to Promissory Estoppel.

## ARGUMENT AND AUTHORITIES

### POINT OF ERROR ONE (RESTATED)

I.   **The trial court erred when it awarded attorney fees to Appellee.**

   A.   *Appellee Failed to Request Attorneys' Fees*

The trial court erred in granting attorney fees primarily due to the fact that in her Original Answer, Hector failed to plead for or request attorneys' fees. [C.R. 46-49].[3] Pleadings determine the issues and parameters of a contest. *Crain v. San Jacinto Sav. Ass'n*, 781 S.W.2d 638, 639 (Tex. App.—Houston [14th Dist.] 1989, writ

---

[3] Reiterating this point, in her Motion for Summary Judgment as to Promissory Estoppel, Hector affirmatively waived the recovery of any attorney fees. On page three of the motion, Hector states that "Defendant waives all causes of action and relief not requested in this Motion for Summary Judgment. . . .Defendant is not requesting attorney's fees at this time." [C.R. 436].

5

dism'd); *see generally* Tᴇx. R.Cɪv. P. 45(a), 78 & 83. Hector never filed an Amended Answer in this cause. [C.R. 2-7]. Thus, the active pleading at the time the trial court entered its award of attorney's fees did not provide a basis for the assessment of attorney fees.[4]

A judgment must be supported by the pleadings and, if not so supported, it is void. *City of Fort Worth v. Gause*, 129 Tex. 25, 29, 101 S.W.2d 221, 223 (1937). A party may not be granted relief in the absence of pleadings to support that relief. *Stoner v. Thompson*, 578 S.W.2d 679, 682–83 (Tex. 1979). A judgment, absent issues tried by consent, must conform to the pleadings. Tᴇx. R. Cɪv. P. 301; *State v. Estate of Brown*, 802 S.W.2d 898, 900 (Tex. App.–San Antonio 1991, no writ). Absent a mandatory statute, a trial court's jurisdiction to render a judgment for attorneys' fees must be invoked by pleadings, and a judgment not supported by

---

[4] Note that the affirmative waiver of her attorneys' fees distinguishes this case from the rule set forth by the Texas Supreme Court in *McNally*, where it held that a party's mere omission of one of his claims from a motion for summary judgment does not waive the claim because a party can always move for partial summary judgment. *McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001).

pleadings requesting an award of attorney's fees is a nullity. *Estate of Brown*, 802 S.W.2d at 900. Because the order awarding Hector her attorneys' fees here was a nullity, this Court should reverse the assessment of attorneys' fees and enter a take-nothing judgment against Hector. *Id*. Alternative arguments are presented below.

## B.     *Standard of Review*

This Court will review a trial court's award of attorneys' fees for abuse of discretion. *Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 593 (Tex.1996) (orig. proceeding); *Polansky v. Berenji*, 393 S.W.3d 362, 367 (Tex. App.–Austin 2012, no pet.). this Court will also review a trial court's imposition of sanctions for abuse of discretion. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004); *Polansky*, 393 S.W.3d at 367. A trial court abuses its discretion if its decision is arbitrary, unreasonable, and without reference to guiding principles, or if it rules without supporting evidence. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009) (per curiam); *Polansky*, 393 S.W.3d at 367. This

Court will review the record to determine whether the trial court followed guiding rules and principles. *Unifund CCR Partners*, 299 S.W.3d at 97; *Polansky*, 393 S.W.3d at 367. The trial court does not abuse its discretion if it bases its decision on conflicting evidence and some evidence supports its decision. *Unifund CCR Partners*, 299 S.W.3d at 97; *Polansky*, 393 S.W.3d at 367. But if its decision is contrary to the only permissible view of probative, properly admitted evidence, then this Court must find that the trial court has abused its discretion. *Unifund CCR Partners*, 299 S.W.3d at 97; *Polansky*, 393 S.W.3d at 367.

### C.     *Authority to Recover Attorney Fees*

Attorney's fees may be recovered only if permitted by statute or contract. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310–11 (Tex.2006) ("Absent a contract or statute, trial courts do not have inherent authority to require a losing party to pay the prevailing party's fees."); *Polansky*, 393 S.W.3d at 368. In her Amended Motion for Summary Judgment, Hector requested attorney fees under rule 13 of the Texas Rules of Civil Procedure,

8

and sections 10.002(c) and 10.004(c)(3) of the Texas Civil Practice and Remedies Code. [C.R. 261]. TEX. R. CIV. P. 13; TEX. CIV. PRAC. & REM. CODE ANN. §§ 10.002(c), 10.004(c)(3) (West 2002).

### D.    *Controlling Rules and Statutes*

Chapter 10 of the Civil Practice & Remedies Code provides in pertinent part: "A court that determines that a person has signed a pleading or motion in violation of Section 10.001 may impose a sanction on the person, a party represented by the person, or both." TEX. CIV. PRAC. & REM. CODE ANN. § 10.004(a). Sanctions under Chapter 10 are authorized if the evidence establishes that a pleading or motion was brought for an improper purpose. *Id*. § 10.001(1). Reasonable inquiry should be made by the party and attorney to ensure that the pleading is not filed to harass, delay, or increase the cost of the litigation. *Id*.

Similarly, Rule 13 provides that, if a pleading, motion, or other paper is filed in violation of the rule, the trial court shall impose an appropriate sanction "upon the person who signed it, a represented party, or both." TEX. R. CIV. P. 13. Rule 13

9

authorizes sanctions if the evidence establishes that a pleading is either (1) groundless or brought in bad faith or (2) groundless and brought to harass. TEX. R. CIV. P. 13. Groundless "means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law." TEX. R. CIV. P. 13.[5]

### E.  *Discussion*

#### 1.  **Fees under Rule 13**

Rule 13 imposes a duty on the trial court to point out with particularity the acts or omissions on which sanctions are based." *Zarsky v. Zurich Management, Inc.*, 829 S.W.2d 398, 399 (Tex. App.—Houston [14 th Dist.] 1992, no writ); *see also Keever v. Finlan*, 988 S.W.2d 300, 312 (Tex. App.–Dallas 1999, pet. dism'd) (accord). Requiring the trial court to state the particulars of the good cause for imposing sanctions is mandatory. *Barnum v. Munson, Munson, Pierce and Cardwell, P.C.*, 998 S.W.2d 284, 287

---

[5] Rule 13 allows that where a trial court finds a violation of that rule, the court shall impose an appropriate sanction available under Rule 215.2(b) of the Texas Rules of Civil Procedure. TEX. R. CIV. P. 13, 215.2(b).

(Tex. App.—Dallas 1999, pet. denied) (trial court's judgment must state particulars of good cause for imposing sanctions); *Gorman v. Gorman*, 966 S.W.2d 858, 867–68 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (trial court must state with particularity good cause for finding that pleadings upon which sanctions are based are groundless, frivolous, and brought for purposes of harassment); *GTE Communications Sys. Corp. v. Curry*, 819 S.W.2d 652, 654 (Tex. App.—San Antonio 1991, no writ). A mere statement in the order that good cause was shown is insufficient to sustain the sanctions order. *GTE*, 819 S.W.3d at 654.

In *Barnum*, the Plaintiff, who was convicted and sentenced for attempted murder, sued his appellate counsel for legal malpractice. *Barnum*, 998 S.W.2d at 286. Former counsel filed a motion for judgment on the pleadings and for sanctions, which were granted by the trial court. *Id*. The trial court subsequently entered judgment dismissing Barnum's claims for malpractice as frivolous and/or malicious and assessed a $1000 sanction against Barnum for reasonable attorney's fees and litigation expenses

pursuant to Rule 13 of the Rules of Civil Procedure and section

14.006 of the Civil Practices and Remedies Code. *Id*. Thus, the trial

court's bill of costs assessed $1,000 in sanctions and costs of $286

against Barnum. *Id*.

In regards to the attorney's fees and costs assessed, the

judgment stated:

> It is further ordered that Defendants are hereby awarded
> the sum of $1,000 as sanctions against Plaintiff for
> reasonable attorney's fees and expenses of litigation
> pursuant to the provisions of Rule 13 of the Texas Rules of
> Civil Procedure and § 14.006 of the Texas Civil Practice and
> Remedies Code.

*Id*. at 287. Because the judgment failed to set forth the particulars

of the "good cause" for imposing sanctions against Barnum as

required by Rule 13, the court of appeals held that the trial court

had abused its discretion in imposing the attorney's fees as

sanctions. *Id*. The court of appeals reversed and rendered the

award of $1000 in sanctions. *Id*.

Here, the portion of the order granting summary judgment

and assessing attorney fees states in its entirety:

**IT IS FURTHER ORDERED** that Defendant recovers

12

> judgment against Plaintiff in the amount of $10,150 Dollars,
> as attorney fees for the benefit of Defendant Maeli Hector.

[C.R. 505] (emphasis in original). The judgment ordering fees fails to meet the mandatory requirements under Rule 13. *Barnum*, 998 S.W.2d at 287; *Gorman*, 966 S.W.2d at 867; *GTE Communications*, 819 S.W.2d at 654. Moreover, the judgment here contains even less information than the judgment in *Barnum*, in that it neglects to even reference the rule or statutory authority by which the attorney's fees were assessed. *C.F. Barnum*, 998 S.W.2d at 287. Since the judgment here fails to comply with the mandatory requirements set forth in Rule 13, the trial court abused its discretion in assessing attorney's fees. *Id.*; *see also Toles v. Toles*, 45 S.W.3d 252, 267 (Tex. App.–Dallas 2001, pet. denied) (reversing assessment of attorney's fees as sanctions and rendering take-nothing judgment). Because the trial court abused its discretion in assessing attorney's fees as sanctions under Rule 13, this Court should reverse the assessment of attorney's fees and render a take-nothing judgment against Hector. *Toles v. Toles*, 45 S.W.3d 252, 267; *Barnum*, 998 S.W.2d at 287.

## 2. Fees under Chapt 10 Civ. Prac. & Rem. Code

Hector cited to various provisions of Chapter 10 of the Civil Practices and Remedies Code in her request for attorney fees. Imposition of sanctions under Chapter 10 also is reviewed for abuse of discretion. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). "To determine if the sanctions were appropriate or just, the appellate court must ensure there is a direct nexus between the improper conduct and the sanction imposed." *Id.* (citing *Spohn Hosp. v. Mayer*, 104 S.W.3d 878, 882 (Tex. 2003), and *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex.1991)). The nexus requirement ensures that the sanction is "directed against the abuse and toward remedying the prejudice caused [to] the innocent party." *TransAmerican*, 811 S.W.2d at 917. Additionally, the sanction must not be excessive. *Id.*

Notably, under Chapter 10, a trial judge must specifically detail the sanctionable conduct in its order and explain the basis for the sanction imposed. TEX. CIV. PRAC. & REM. CODE ANN. § 10.005 (West 2008); *Rivera v. Countrywide Home Loans, Inc.*, 262

S.W.3d 834, 842 (Tex. App.–Dallas 2008, no pet.). Failure to set forth the conduct that forms the basis for the sanction is an abuse of discretion. *Id.*; *Loeffler v. Lytle Indep. School Dist.*, 211 S.W.3d 331, 349 (Tex. App.–San Antonio 2006, no pet.). As set forth above, the order assessing attorneys' fees against Ogle does not mention any sanctionable conduct on the part Ogle, much less describe any "direct nexus" between that conduct and the sanctions imposed. *Low*, 221 S.W.3d at 614; *Spohn Hosp.*, 104 S.W.3d at 882. In failing to follow the law and guiding principles applicable to attorney fees sanctions under Chapter 10, the trial court abused its discretion in assessing those fees. TEX. CIV. PRAC. & REM. CODE ANN. § 10.005; *Low*, 221 S.W.3d at 614; *Spohn Hosp.*, 104 S.W.3d at 882; *Rivera*, 262 S.W.3d at 842; *Loeffler*, 211 S.W.3d at 349. Because the trial court abused its discretion in assessing attorney's fees as sanctions under Chapter 10, this Court should reverse the assessment of attorney's fees and render a take-nothing judgment against Hector. *Toles v. Toles*, 45 S.W.3d 252, 267; *Barnum*, 998 S.W.2d at 287.

### 3. Fees Under the Court's Inherent Powers

Because this Court must consider "whether the court acted without reference to any guiding rules and principles," *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985), it must also consider whether the trial court could have appropriately imposed sanctions on its own initiative without a motion. A court may impose sanctions on its own initiative under civil practice and remedies code chapter 10, Texas Rules of Civil Procedure 13 and 191.3, and its own inherent power, but it first must provide notice and a show-cause hearing to the person to be sanctioned. TEX. CIV. PRAC. & REM. CODE ANN. §§ 10.002(b), .003 (West 2008); Tex.R. Civ. P. 13; *see also In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997); *Greene v. Young*, 174 S.W.3d 291, 298 (Tex. App.–Houston [1st Dist.] 2005, pet. denied) ("The traditional due process protections of notice and hearing are also required before a trial court can impose sanctions on a party pursuant to its inherent power to sanction."). Furthermore, "[a] court cannot invoke its inherent power to sanction without some evidence and factual

16

findings that the conduct complained of significantly interfered with the court's legitimate exercise of one of its traditional core functions." *Kennedy v. Kennedy*, 125 S.W.3d 14, 19 (Tex. App.–Austin 2002, pet. denied).

In this case, it is undisputed that the trial court never noticed or held a court-initiated evidentiary hearing on sanctions. The attorneys' fees order is entitled "Order Granting Summary Judgment as to Promissory Estoppel," and it notes that

> the Court considered Defendant's Motion for Summary Judgment as to Promissory Estoppel, Plaintiff's Response, the evidence and argument presented by the parties, and finds that Defendant's Motion is GRANTED, and makes the following findings:
>
>      * * *
>
> IT IS FURTHER ORDERED that Defendant recover judgment against Plaintiff in the amount of $10,150 Dollars, as attorney fees for the benefit of Maeli Hector.

Nevertheless, to the extent that the trial court imposed sanctions on its own initiative without (1) notice issued before the hearing, (2) an evidentiary hearing, or (3) factual findings, it abused its discretion. *See Unifund CCR*, 299 S.W.3d at 98 (holding trial court abused its discretion by assessing sanctions based on inadmissible

17

document); *Polansky*, 393 S.W.3d at 370 (holding court abused its discretion if it assessed attorney fees sanctions under inherent powers without notice, hearing, and factual findings); *Kennedy*, 125 S.W.3d at 19 (holding court erred by striking pleadings without evidence that complained-of conduct significantly interfered with court's legitimate exercise of traditional core function). Because the trial court abused its discretion in assessing attorney's fees as sanctions under Rule 13, this Court should reverse the assessment of attorney's fees and render a take-nothing judgment against Hector. *Toles*, 45 S.W.3d 252, 267; *Barnum*, 998 S.W.2d at 287.

### POINT OF ERROR TWO (RESTATED)

**II.** **The amount of the attorneys' fees awarded to Appellee were unreasonable.**

**A.** *Standard of Review*

An appellate court will review the amount of attorney's fees awarded under a legal-sufficiency standard. *Aaron Rents, Inc. v. Travis Cent. Appraisal Dist.*, 212 S.W.3d 665, 671 (Tex. App.—Austin 2006, no pet.). In conducting a legal-sufficiency

18

review, the court will consider the evidence in the light most favorable to the finding under review and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). If more than a scintilla of evidence supports the challenged finding, the legal-sufficiency challenge fails. *Wal–Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003); *see also Lundy v. Masson*, 260 S.W.3d 482, 491 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (when party challenges sufficiency of evidence supporting adverse finding on issue on which she did not have burden of proof, party must demonstrate no evidence supports adverse finding).

### B. *Controlling Law*

Reasonableness of attorney's fees is a fact question and must be supported by competent evidence. *Stukes v. Bachmeyer*, 249 S.W.3d 461, 469 (Tex. App.–Eastland 2007, no pet.). "Texas law is clear that '[t]he issue of reasonableness and necessity of attorney's fees requires expert testimony.' "*Woodhaven Partners, Ltd. v. Shamoun & Norman, LLP.*, 422 S.W.3d 821, 830–31 (Tex.

App.–Dallas 2014, no pet.) (quoting *Twin City Fire Ins. Co. v. Vega–Garcia*, 223 S.W.3d 762, 770–71 (Tex. App.–Dallas 2007, pet. denied)). A judgment awarding attorneys' fees may be supported solely by the attorney's testimony. *Vazquez v. Vazquez*, 292 S.W.3d 80, 86 (Tex. App.–Houston [14th Dist.] 2007, no pet.).

In determining the reasonableness of attorney's fees, the following factors may be considered: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or the uncertainty of collection

before the legal services have been rendered. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). A factfinder is not required to consider all of these factors in every case; they simply constitute guidelines to be considered, not elements of proof. *Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554, 567 (Tex. App.—Austin 2004, no pet.); *Acad. Corp. v. Interior Buildout & Turnkey Constr., Inc.*, 21 S.W.3d 732, 742 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Thus, it is not necessary that the record include evidence on each of the factors. *See Burnside Air Conditioning & Heating, Inc. v. T.S. Young Corp.*, 113 S.W.3d 889, 897–98 (Tex. App.—Dallas 2003, no pet.); *Acad. Corp.*, 21 S.W.3d at 742.

In addition to the above enumerated factors, judges may consider the entire record and draw upon their common knowledge and experience as lawyers and judges. *See In re M.A.N.M.*, 231 S.W.3d 562, 567 (Tex. App.—Dallas 2007, no pet.); *C.M. Asfahl Agency v. Tensor, Inc.*, 135 S.W.3d 768, 802 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

## C. *Application*

Here, the affidavit of Hector's attorney in support of her request for attorneys' fees sets forth in pertinent part that counsel based on his personal knowledge, he is the attorney for Hector; he has ten years experience as an attorney in Texas; customary rates for attorneys with such experience is $350 per hour; he had spent 29 hours defending the lawsuit up to the motion for summary judgment; and, that $10,150 is a reasonable and customary attorney fee for the work he had completed. [C.R. 66].

Initially, counsel's affidavit addressed only the first and seventh factors set forth in Arthur Anderson regarding the determination of the reasonableness of attorneys' fees. *Arthur Andersen*, 945 S.W.2d at 818. Further, a trial court may grant summary judgment based on uncontroverted testimonial evidence "if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." *See* TEX. R. CIV. P. 166a(c). A conclusory statement is one that does not provide the

underlying facts to support the conclusion. *Rizkallah v. Conner*, 952 S.W.2d 580, 587 (Tex. App.–Houston [1st Dist.] 1997, no pet.). Conclusory statements in affidavits are not competent evidence to support a summary judgment because they are not credible or susceptible to being readily controverted. *See Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996).

Counsel's affidavit sets forth his work experience and training, but fails to set forth the factual support for his conclusory statement regarding either the hourly rate he claims is customary; or the duties performed in the 29 hours spent defending the lawsuit or the necessity of those duties. *Eberstein v. Hunter*, 260 S.W.3d 626, 630 (Tex. App.–Dallas 2008, no pet.). In *Eberstein*, the trial court awarded attorneys' fees to Appellee, whose attorney filed his affidavit in support of her request for attorney's fees. The affidavit detailed counsel's work experience and training and indicates he was engaged to represent Appellee to bring this action for unpaid contractual alimony. *Id*. The affidavit further stated that the Appellee was entitled to recover

reasonable attorney's fees incurred for bringing this proceeding pursuant to a provision in the agreement incident to divorce. Counsel then opined "a reasonable fee for representation of [Appellee] in the present proceeding is the sum of Fifty Thousand Dollars ($50,000), through the entry of final judgment pursuant to the [motion for summary judgment]." *Id*.

The court of appeals recognized that "[t]he affidavit, however, provides absolutely no factual basis for [counsel's opinion. We therefore conclude the affidavit was not competent evidence to support summary judgment on [Appellee's] claim for attorney's fees." *Id*. As the court found in *Eberstein*, so should this Court find here. *Id*. This Court should reverse the attorneys' fees awarded and render a take-nothing verdict against Hector.

### POINT OF ERROR THREE (RESTATED)

**III. The trial court erred when it granted Appellee's Motion for Summary Judgment as to Promissory Estoppel.**

**A.** *Standard of Review*

Under the traditional standard, a summary-judgment motion is properly granted when the movant establishes that

there are no genuine issues of material fact to be decided and that he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991); *Holmstrom v. Lee*, 26 S.W.3d 526, 530 (Tex. App.–Austin 2000, no pet.). In reviewing a summary judgment, an appellate court must accept as true all evidence favoring the nonmovant, indulging every reasonable inference and resolving all doubts in the nonmovant's favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). A defendant moving for summary judgment must negate as a matter of law at least one element of each of the plaintiff's theories of recovery or plead and prove as a matter of law each element of an affirmative defense. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). If the defendant meets this burden, the burden shifts to the plaintiff to present evidence raising a fact issue. *See id.*

This Court must review *de novo* the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v.*

*Sudan*, 199 S.W.3d 291, 292 (Tex. 2006); *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). All theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *See* TEX. R. CIV. P. 166a(c).

### B.  *Discussion*

In his response to Hector's Motion for Summary Judgment as to Promissory Estoppel, Ogle provided an affidavit in support. [C.R. 501]. In that affidavit, Ogle swore that he had personal knowledge of the following:

> 1) [Hector] agreed to take a lie detector test in exchange for the dismissal of a lawsuit against her and a payment to her of $2500;
> 2) [Ogle] relied upon that promise; and
> 3) relying on that promise was detrimental to [Ogle].

[C.R. 501].

"The requisites of promissory estoppel are: (1) a promise, 2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment." *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983); *Ebner v. First State Bank of*

*Smithville*, 27 S.W.3d 287, 302 (Tex. App.–Austin 2000, pet. denied).

Here, competent summary judgment evidence provided by Ogle–which must be viewed in the light most favorable to the nonmovant–presented a genuine issue of material fact as to each and every element of his promissory estoppel claim. *English,* 660 S.W.2d at 524; *Ebner*, 27 S.W.3d at 302.

## PRAYER

PREMISES CONSIDERED, Appellant Scott Ogle respectfully requests that this Court sustain the points of error in this brief and that this Court alternatively, reverse the trial court's Summary Judgment on Promissory Estoppel in this case and remand to the trial court for trial; reverse the attorneys' fees awarded to Appellee and render a take-nothing judgment against her; or, find the amount of the attorneys' fees assessed to be unreasonable and reverse the attorneys' fees awarded to Appellee and render a take-nothing judgment against her. Appellant further prays that he be granted any such further relief to which

he may show himself justly entitled.

Respectfully submitted,

/s/ Scott Ogle
Scott Ogle
TBN: 00797170
Law Office of Scott P. Ogle
2028 Ben White Blvd.
Austin, TX 78704
Phone: (512) 442-8833
Fax:   (512) 442-3256
soglelaw@peoplepc.com
Attorney for Appellant
Appellant Pro Se

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4 of the Texas Rules of Appellate Procedure, I certify that this document was computer-generated using Corel WordPerfect and is printed in a standard font using 14-point type. I certify that the word count for the portion of this filing included by Rule 9.4(i)(1) of the Texas Rules of Appellate Procedure is 5,026.

/s/ Scott Ogle
Scott Ogle

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been furnished to counsel for the Appellees listed below pursuant to Rule 9.5(b)(1) of the Texas Rules of Appellate Procedure through the electronic filing manager, as opposing counsel's email address is on file with the electronic filing manager, on this 29th day of December , 2015.

/s/ Scott Ogle
Scott Ogle

Paul A. Batrice
Law Office of Paul Batrice
1114 Lost Creek Blvd., Ste. 440
Austin, Texas 78746

# APPENDIX

# APPENDIX TABLE OF CONTENTS

| TAB | DESCRIPTION |
| --- | --- |
| A | Order Granting Summary Judgment – 06/05/2015 [C.R. 469] |
| B | Order Granting Summary Judgment as to Promissory Estoppel – 07/08/2015 [C.R. 505] |
| C | Defendant's Original Answer – 01/30/2015 [C.R. 46] |
| D | Defendant's Motion for Summary Judgment as to Promissory Estoppel – 06/04/2015 [C.R. 434] |
| E | Plaintiff's Response to Defendant's Motion for Summary Judgment as to Promissory Estoppel – 06/24/2015 [C.R. 497] |
| F | Text of Chapt. 10 of the Texas Civil Practices & Remedies Code |
| G | Text of Rule 13 of the Texas Rules of Civil Procedure |
| H | Text of Rule 83 of the Texas Rules of Civil Procedure |
| I | Text of Rule 301 of the Texas Rules of Civil Procedure |

**EXHIBIT A**

**CAUSE NO. C-1-CV-14-011792**

| | | |
|---|---|---|
| SCOTT OGLE, Plaintiff, | § § § § | IN THE COUNTY COURT |
| vs. | § § | AT LAW NUMBER TWO |
| MAELI HECTOR, AKA MAELI ARRELANO AKA MAELI JOHNSON, Defendant. | § § § | TRAVIS COUNTY, TEXAS |

## ORDER

On the 28th day of May, 2015, the Court conducted a hearing on Defendant's Amended Motion for Summary Judgment and, after considering the amended motion and the amended response, and the evidence filed in support of and in opposition to the Motion, the Court is of the opinion that:

> Defendant is entitled to summary judgment on Plaintiff's breach of contract claims based upon the affirmative defense of discharge.

It is therefore ORDERED, ADJUDGED, AND DECREED that Defendant's Amended Motion for Summary Judgment on Plaintiff's breach of contract claims is GRANTED. As Plaintiff has amended his petition on May 19, 2015 to add a promissory estoppel claim, and such claim was not addressed in Defendant's Amended Motion for Summary Judgment, that claim remains in this lawsuit.

Case # C-1-CV-14-011792

FILED FOR RECORD
2015 JUN -5 PM 3: 46
DANA DEBEAUVOIR
COUNTY CLERK
TRAVIS COUNTY, TEXAS

Defendant's Request for Sanctions remains under advisement by this Court.

SIGNED on this the 3rd day of June, 2015.

_____
TODD T. WONG, Judge Presiding

**EXHIBIT B**

Cause No. C-1-CV-14-011792

| | | |
|---|---|---|
| SCOTT OGLE, | § | IN THE COUNTY COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | AT LAW 2 |
| | § | |
| MAELI HECTOR, | § | |
| AKA MAELI ARRELANO, | § | |
| AKA MAELI JOHNSON, | § | |
| Defendant. | § | TRAVIS COUNTY, TEXAS |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO PROMISSORY ESTOPPEL

On July 1, 2015, The Court considered Defendant's Motion for Summary Judgment as to Promissory Estoppel, Plaintiff's Response, the evidence and arguments presented by the parties, and finds that Defendant's Motion is **GRANTED** and makes the following findings:

✓ **IT IS THEREFORE ORDERED** that judgment is entered in favor of Defendant and against Plaintiff on the claim of Promissory Estoppel, and that all of Plaintiff's claims in this cause are hereby disposed of.

✓ **IT IS FURTHER ORDERED** that Defendant recovers judgment against Plaintiff in the sum of $10,150.00 Dollars, as attorney fees for the benefit of Defendant Maeli Hector.

✓ **IT IS FURTHER ORDERED** that Defendant recovers costs of court incurred in the course of this cause in the sum of $787.42.

✓ **IT IS FURTHER ORDERED** that such judgments, for which immediate execution issue, shall bear interest at the rate of ~~12~~ 5% %, compounded annually from this date until paid.

Signed on __July 6, 2015__.

_____
JUDGE TODD WONG



FILED FOR RECORD 2015 JUL -8 AM 9:48 DANA DEBEAUVOIR COUNTY CLERK TRAVIS COUNTY, TEXAS

505

APPROVED AS TO FORM:

_____
Scott P. Ogle
Law Office of Scott. P. Ogle
2028 W. Ben White Blvd.,
Austin, Texas 78704
T: 512-442-8833
F: 512-442-3256
E: soglelaw@peoplepc.com

Plaintiff Pro Se

_____
Paul A. Batrice
1114 Lost Creek Blvd., Suite 440
Austin, Texas 78746
T:  (512) 600-1000
F:  (512) 600-0217
E: Paul@BatriceLawFirm.com

Attorney for Defendant Maeli Hector

506

# EXHIBIT C

Cause No. C-1-CV-14-011792

Filed: 1/30/2015 4:14:18 PM
Dana DeBeauvoir
Travis County Clerk
C-1-CV-14-011792
Andrea Scott

| | | |
|---|---|---|
| SCOTT OGLE, | § | IN THE COUNTY COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | AT LAW 2 |
| | § | Case # C-1-CV-14-011792 |
| MAELI HECTOR, | § | |
| AKA MAELI ARRELANO, | § | |
| AKA MAELI JOHNSON, | § | 000945289 |
| Defendant. | § | TRAVIS COUNTY, TEXAS |

## DEFENDANT'S ORGINAL ANSWER
## WITH INCORPORATED JURY WAIVER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Maeli Hector, Defendant in the above-styled and numbered cause of action, and files this, her Answer to Plaintiff's First Amended Petition as follows:

### I. General Denial

Defendant herein generally denies each and every, all and singular, allegations contained in said Plaintiff's First Amended Petition, and demands strict proof thereof by a preponderance of the evidence.

### II. Affirmative Defenses and Assertions

Defendant denies that defendant executed the agreement as plaintiff claims. Defendant denies that defendant is liable on the agreement because it was without consideration. Defendant is not liable to plaintiff because the agreement was the product of duress. Defendant is not liable to plaintiff because the agreement does not comply with the requirements of the statute of frauds. Defendant is not liable to plaintiff because defendant's performance was excused by plaintiff. Defendant is not liable to plaintiff because the agreement was discharged by an accord and satisfaction. Defendant is not liable to plaintiff because the contract was discharged by a novation. Defendant is not liable to plaintiff because enforcement of the agreement would be unconscionable. Defendant is not liable to plaintiff because plaintiff ratified defendant's acts. Defendant is not liable to plaintiff because plaintiff waived defendant's performance and/or breach. Defendant is not liable to plaintiff for the amount of damages claimed because plaintiff did not mitigate damages. Defendant is not liable to plaintiff for the amount of damages claimed because the liquidated-damages provision of the agreement amounts to a penalty. Defendant is not liable to plaintiff because of ambiguity. Defendant is not liable to plaintiff because of rescission.

Defendant further asserts that Plaintiff has not proven any attorney's fees incurred by Plaintiff in connection with this cause. Defendant also asserts that Defendant never made any promises to Plaintiff. Plaintiff consented and ratified the breach for which Plaintiff complains. Plaintiff is estopped by consent of the breach which Plaintiff complains. Plaintiff had no reliance on and no right to rely on alleged statements made by Defendant. The matter was settled before the breach for which Plaintiff complains. Defendant alleges Plaintiff created an illusory contract. Plaintiff waived the conduct breach for which Plaintiff complains. Defendant asserts the parole evidence rule.

Defendant reserves the right to assert such other defenses as information supporting such defenses becomes available to Defendant as required and in order that justice may be had at the trial.

### III. Jury Waiver

Defendant in the above-styled and numbered cause of action, incorporates this, her Jury Waiver. Being aware of all rights accorded by law the Defense hereby waives her right to a jury trial.

### IV. Request for Disclosure

Under Texas Rule of Civil Procedure 194, defendant requests that plaintiff disclose, within 30 days of the service of this request, the information or material described in Rule 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant demands a bench trial and prays that the Plaintiff take nothing by reason of his suit, and that Defendant recover her costs, and for such other and further relief, both general and special, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,
Law Office of Paul A. Batrice

Paul A. Batrice
State Bar No. 24048344
1114 Lost Creek Blvd., Suite 440
Austin, Texas, 78746
P: (512) 600-1000
F: (512) 600-0217
E: Paul@BatriceLawFirm.com
ATTORNEY FOR DEFENDANT

# VERIFICATION

STATE OF TEXAS       §
                             §

COUNTY OF TRAVIS     §

      BEFORE ME, the undersigned authority, on this day personally appeared Maeli Hector, Defendant, known to me to be the person whose name is subscribed to the foregoing instrument, and who under oath deposes and says that he/she has read the foregoing and that the statements and facts contained herein are within his/her personal knowledge and are true and correct.

_____
SIGNATURE

_____
Maeli Hector
PRINTED NAME

      SUBSCRIBED AND SWORN TO BEFORE ME on this, the ___30___ day of ___JANUARY___ 2015, to certify which witness my hand and seal of office.



FABIO SILVA
Notary Public
STATE OF TEXAS
My Comm. Exp. August 22, 2016

_____
NOTARY PUBLIC, STATE OF TEXAS



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded as indicated below on ___1/30/15___ :

*Via Facsimile No.: 512-442-3256*
Scott P. Ogle
SBN 00797170
2028 W. Ben White Blvd.
Austin, Texas 78704
P: 512-442-8833
F: 512-442-3256
E: Soglelaw@peoplepc.com
PRO SE PLAINTIFF

Paul A. Batrice



# EXHIBIT D

Filed: 6/4/2015 3:00:27 PM
Dana DeBeauvoir
Travis County Clerk
C-1-CV-14-011792
Desiree Schreiner

Cause No. C-1-CV-14-011792

| | | |
|---|---|---|
| SCOTT OGLE, | § | IN THE COUNTY COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | AT LAW 2 |
| | § | |
| MAELI HECTOR, | § | |
| AKA MAELI ARELLANO, | § | |
| AKA MAELI JOHNSON, | § | |
| Defendant. | § | TRAVIS COUNTY, TEXAS |

## DEFENDANT MAELI HECTOR'S MOTION FOR SUMMARY JUDGMENT AS TO PROMISSORY ESTOPPEL

COMES NOW, Maeli Hector, Defendant herein, and files this Motion for Summary Judgment as to Promissory Estoppel, and would respectfully show the Court that she is entitled to summary judgment on Plaintiff Pro Se's remaining claim against Defendant for the reasons set forth below.

### I. Introduction

1.      Plaintiff Pro Se filed Plaintiff's First Amended Petition January 12, 2105 to include allegations of promissory estoppel. Plaintiff Pro Se alleges that Defendant entered into a contract on or about December 10, 2014 with Plaintiff Pro Se where Defendant agreed to take a take a lie detector test regarding her deposition testimony from a previous defamation lawsuit filed against her by the same Plaintiff Pro Se.  In exchange, Plaintiff Pro Se alleged that he would drop his defamation suit against her and pay her attorney's fees in the amount of $2,500.00. Plaintiff Pro Se's Breach of contract claims have been dismissed by Court Order. (*See Exhibit A*)

2.      Defendant denies that any oral agreement or promise was relied upon, and denies that there was an agreement or promise to sign a written agreement, or that there was a complete agreement or promise on the terms and wording of a written contract. Defendant denies any such agreement or promise and Plaintiff Pro Se has never produced any such agreement or promise in his discovery responses.  If an agreement or promise is subsequently produced after the filing of this motion, Defendant alleges that the agreement or promise does not meet the requirements pursuant to statute of frauds, and Defendant contends that Plaintiff Pro Se agreed to discharge any agreement or promise.

### II. Facts

3.      Plaintiff Pro Se plead that he seeks damages in excess of $100,000.00 but not more than $200,000.00, and alleges in his First Amended Petition that the any agreement or promise had a value of at least $2,500.00.

Case # C-1-CV-14-011792

000981050

4.     Text messages between the parties indicate a statement by Plaintiff Pro Se to non-suit the matter, prior to the agreement or promise he presented in Plaintiff's First Amended Petition, dated December 10, 2014.

5.     On November 21, 2014, Plaintiff Pro Se wrote a check for $2,500.00 to the Defendant. No memo, agreement or promise is noted. (*see Exhibit B attached*).

6.     On December 16, 2015, Plaintiff Pro Se and Defense counsel appeared in Travis County Court 2. Plaintiff Pro Se stated that Ms. Hector did not have to take a lie detector test, and that he agreed the Court did not have the authority to Order Ms. Hector to take a lie detector test. (*see Exhibit C attached*).

7.     On April 17, 2015, Plaintiff Pro Se admitted again in an email that he told Hector that she did not have to take the lie detector test. (*see Exhibit D attached*).

### III. Traditional Summary Judgment for Plaintiff Pro Se's Promissory Estoppel Claim

8.     Summary judgment proof must establish as a matter of law that there is no genuine issue of material fact about one or more of the essential elements of the Plaintiffs' cause of action. TEX. R. CIV. PROC. 166a; *Park Place Hospital v. Estate of Milo*, 909 S.W.2d 508, 510 (Tex. 1995). To be entitled to summary judgment, a defendant must either (1) conclusively negate at least one essential element of each of the plaintiff's causes of action, or (2) conclusively establish each element of an affirmative defense to each claim. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995); *Nixon v. Mr. Property*, 690 S.W.2d 546, 548 (Tex. 1985). Once a defendant produces sufficient evidence to give rise to a fact issue to establish its entitlement to summary judgment, a plaintiff must set forth sufficient evidence to give rise to a fact issue to avoid summary judgment. *"Moore" Burger, Inc., v. Phillips Petroleum Co.*, 492 S.W.2d 934 (Tex. 1972); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

9.     Defendant is entitled to summary judgment on Plaintiff Pro Se's cause of action because the Plaintiff Pro Se has failed to state a cause of action for which relief can be based. Plaintiff Pro Se has failed to produce an agreement or promise which he alleges was relied upon, or any agreement or promise to enter into a specific written agreement that satisfies the statute of frauds.

10.     Defendant is entitled to summary judgment on Plaintiff Pro Se's cause of action because the undisputed facts in this case and Defendant's summary-judgment evidence conclusively establish each essential element of Defendant's affirmative defenses of violation of statute of frauds, and discharge.

11.     When a claim of promissory estoppel is made to offset or bar a defense of the statute of frauds, the oral promise relied upon must be a promise to sign a written agreement that satisfies the statute of frauds. *Nagle v. Nagle*, 633. S.W.2d 796, 800 (Tex. 1982). Plaintiff Pro Se has produced no evidence of such an agreement or promise.

435

12. A complete agreement or promise on the terms and wording of the written contract is required to permit the application of promissory estoppel to a statute of frauds defense. *EP Oeraring Co. v. MJC Energy Co.*, 883 S.W.2d 263, 269 (Tex. App.—Corpus Christi 1994, writ denied). Plaintiff Pro Se has produced no evidence of such an agreement or promise.

13. The statute of frauds requires that written agreement, promise or memorandum to be complete within itself in every material detail and to contain all the essential elements of the agreement so that the agreement or promise can be ascertained from the writings without resort to oral testimony. *Cohen v. McCutchin*, 565 S.W.2d 230, 232 (Tex. 1978): *Crowder v. Tri-C Resources Inc.*, 821 S.W.2d 393, 396(Tex. App.—Houston [1st Dist.] 1991, no writ). Plaintiff Pro Se has produced no evidence of such an agreement or promise.

14. Defendant is entitled to summary judgment because the agreement does not comply with the requirements of the statute of frauds. Whether a contract is subject to the statute of frauds is a question of law. *Bratcher v. Dozier*, 346. SW2nd 795, 796 (Tex. 1961).

15. Defendant is entitled to summary judgment because Plaintiff Pro Se agreed to discharge any potential existing obligation. *Williams v. Colthurst*, 253 SW3rd 353, 359 (Tex. App.-Eastland 2008, no pet,).

16. There are no genuine issues of material fact in this case; therefore, the Court may decide this case on the summary judgment evidence included in the appendix to this motion, which evidence is incorporated herein by reference.

17. Defendant has not pled any counterclaim that would preclude summary judgment in this cause.

18. If summary judgment for Defendant is not rendered on Plaintiff Pro Se's sole remaining cause for promissory estoppel, Defendant requests the Court, after examining the pleadings and summary judgment evidence before it and after interrogating counsel to ascertain those material facts that are in good faith actually controverted, to make an Order specifying those facts that appear to be without substantial controversy and directing such further proceedings in the action that are just.

19. In the alternative, if summary judgment for Defendant is not rendered on Plaintiff Pro Se's sole remaining cause for promissory estoppel, and if a trial is necessary on some of the issues in this cause, Defendant requests the Court require Plaintiff Pro Se retain counsel who is currently licensed by the State Bar of Texas to practice in Travis County.

20. Defendant waives all causes of action and relief not requested in this Motion for Summary Judgment.

### IV. Attorney Fees

21. Defendant is not requesting attorney's fees at this time.

## V. Prayer

WHEREFORE, Defendant prays that the Motion for Summary Judgment as to Promissory Estoppel be heard and granted, and Plaintiff Pro Se's claim be dismissed. Defendant further prays for such other and further relief, at law or in equity, to which she may be justly entitled, including attorney fees and costs.

Respectfully submitted,

BATRICE LAW FIRM
1114 Lost Creek Blvd., Ste. 440
Austin, Texas 78746
T: (512) 600-1000
F: (512) 600-0217
E: paul@batricelawfirm.com

By: _____
Paul Batrice
Texas Bar Number 24048344
ATTORNEY FOR DEFENDANT

437

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded as indicated below on ___6/4/15___:

**_Via Facsimile No.: 512-442-3256_**
Scott P. Ogle
SBN 00797170
2028 W. Ben White Blvd.
Austin, Texas 78704
P: 512-442-8833
E: Soglelaw@peoplepc.com
PRO SE PLAINTIFF

_Paul A. Batrice_

438

Cause No. C-1-CV-14-011792

| | | |
|---|---|---|
| SCOTT OGLE,<br>　　Plaintiff, | §<br>§<br>§ | IN THE COUNTY COURT |
| vs. | §<br>§ | AT LAW 2 |
| MAELI HECTOR,<br>AKA MAELI ARELLANO,<br>AKA MAELI JOHNSON,<br>　　Defendant. | §<br>§<br>§<br>§<br>§ | TRAVIS COUNTY, TEXAS |

## APPENDIX TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO PROMISSORY ESTOPPEL

All summary judgment evidence in this appendix is incorporated by reference into Defendant's Motion for Summary Judgment as to Promissory Estoppel.

Order Granting Defendant's Amended Motion for Summary Judgment        Exhibit A

Bank of America check no. 20027 from Scott Ogle to Defendant        Exhibit B

Reporter's Record 12/16/2014 hearing on Motion for Leave/Sanctions        Exhibit C

Ogle email on April 17, 2015 at 5:50 pm        Exhibit D

439

# EXHIBIT A

440

## CAUSE NO. C-1-CV-14-011792

| | | |
|---|---|---|
| SCOTT OGLE,<br>　　　Plaintiff, | §<br>§<br>§ | IN THE COUNTY COURT |
| | § | |
| vs. | §<br>§ | AT LAW NUMBER TWO |
| | § | |
| MAELI HECTOR, AKA MAELI<br>ARRELANO AKA MAELI JOHNSON,<br>　　　Defendant. | §<br>§<br>§ | TRAVIS COUNTY, TEXAS |

## ORDER

On the 28th day of May, 2015, the Court conducted a hearing on Defendant's Amended Motion for Summary Judgment and, after considering the amended motion and the amended response, and the evidence filed in support of and in opposition to the Motion, the Court is of the opinion that:

> Defendant is entitled to summary judgment on Plaintiff's breach of contract claims based upon the affirmative defense of discharge.

It is therefore ORDERED, ADJUDGED, AND DECREED that Defendant's Amended Motion for Summary Judgment on Plaintiff's breach of contract claims is GRANTED. As Plaintiff has amended his petition on May 19, 2015 to add a promissory estoppel claim, and such claim was not addressed in Defendant's Amended Motion for Summary Judgment, that claim remains in this lawsuit.

Defendant's Request for Sanctions remains under advisement by this Court.

SIGNED on this the 3rd day of June, 2015.

_____
TODD T. WONG, Judge Presiding

# EXHIBIT B

**Bank of America**        Online Banking

## BofA Core Checking – 1299: Account Activity Transaction Details

**Post date:**      11/21/2014

**Amount:**      2,510.00

**Type:**      Deposit

**Description:**      Counter Credit

# EXHIBIT C

REPORTER'S RECORD

VOLUME 1 OF 1 VOLUME

TRIAL COURT CAUSE NO. C-1-CV-13-010623

SCOTT OGLE               ) IN THE COUNTY COURT

Plaintiff                )

                         )      AT LAW #2

        VS.              )

                         )

MAELI ARELLANO           )

Defendant                ) TRAVIS COUNTY, TEXAS

---

MOTION FOR LEAVE/MOTION FOR SANCTIONS

---

On the 16TH day of DECEMBER, 2014, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable ERIC M. SHEPPERD, Judge presiding, held in AUSTIN, TRAVIS COUNTY, Texas:

Proceedings reported by machine shorthand.

APPEARANCES

FOR THE PLAINTIFF:

Mr. Scott Patrick Ogle

Bar Card Number: 00797170

Work Address: 2028 W Ben White Blvd

Austin, TX 78704-7519

Work Phone Number: 512-442-8833

-AND-

FOR THE DEFENDANT:

Mr. Paul Alexander 'Paul' Batrice

Bar Card Number: 24048344

Work Address: 1114 Lost Creek Blvd Ste 440

Austin, TX 78746-6372

Work Phone Number: 512-600-1000

# I N D E X

## VOLUME 1 of 1

### (MOTIONS)

DECEMBER 16, 2014

|                              | Page | Vol |
|------------------------------|------|-----|
| Announcements                | 4    | 1   |
| Arguments by Mr. Ogle        | 4    | 1   |
| Arguments by Mr. Batrice     | 10   | 1   |
| Court's Ruling               | 12   | 1   |
| Adjournment                  | 12   | 1   |
| Court Reporter's Certificate | 13   | 1   |

THE COURT: Cause number C-1-CV-13-010623 Scott Ogle versus Maeli Arellano; say your names for the record, please.

MR. OGLE: Scott Ogle the plaintiff.

MR. BATRICE: Paul Batrice for the defendant.

THE COURT: Where are we gentlemen.

MR. OGLE: Okay, where are we. Let's see, Mr. Batrice has shown up today- I didn't know he was representing Ms. Arellano but I assume he is.

MR. BATRICE: If I may excuse me I'm sorry to interrupt. I was retained today I apologize for the short notice we have to make oral entry of appearance. I apologize for any inconvenience that may have caused for opposing counsel or the Court.

MR. OGLE: Makes it easier for me. This is a straight contract case at this point. The Court is probably aware of the past year-and-a-half of litigation regarding Maeli Arellano. Starting with a Court ordered psychiatric treatment that I was alleged to have been ordered to undergo by Ms. Arellano. All that is in the past. Ms. Arellano and I came to an agreement. She was very optimistic about getting through our difficulties.

And she told me if I paid her 2500.00 and dropped the lawsuit, she would take a lie-detector test and that's all I want. The whole basis of my lawsuit to begin

449

with was my credibility. What little credibility I may have I want to keep. When Maeli tells the FBI investigator, lies to him, by saying that I am incompetent, Court ordered crazy. That's something that I think could be resolved with a lie-detector test. Not something the Court is going to order, normally not something that's admissible in Court. But for my own benefit so that I can show whoever asks whether I am lying or not. I can show her results of her lie-detector test, that's all I wanted.

After I non-suited the case with statute of limitations already past. After I paid her 2500.00 that she was screaming for, that she paid her first incompetent lawyer Robert House. After the check cleared, she changed her mind. She is not going to take the lie-detector test. Now I have — I did the mature thing I thought at the time. I erased my text thinking that this was going to be over with.

In a moment of despair — here is the contractual issue. In a moment of despair thinking; you know what, I don't know how good this is going to do or not. I told her she didn't have to take the lie-detector test. After we already agreed okay no consideration, no novation. The point is, is that she agreed to take the lie-detector test in exchange for 2500.00 and me non-suiting the case.

I got text messages that I have kept since then where she is confirming that we had an agreement. And that I

450

changed my mind which is the only reason she says she is not obligated to take a lie-detector test.

THE COURT: When you say I changed my mind, you mean Maeli.

MR. OGLE: Yes, she changed her mind. But to be clear, I did tell her in a text you don't have to take the lie-detector test. That was after the settlement agreement that was done with the understanding that she was being honest with her other claims. The minute — which included a new beginning, all kinds of possibility between she and I. We were talking about going on vacation.

The second my check cleared, according to her text, she blocked me. She entered our agreement with ill will. She didn't plan on taking the lie-detector test. She didn't plan on having any kind of relationship with me. She planned on having me drop the lawsuit, promised me the world. Once the 2500.00 check cleared, everything was off. And so, what I am asking for is for the Court to enforce the contract and order her to take a lie-detector test and I am done.

The only reason the Court would have the authority to enforce a lie-detector test is that that was part of the agreement. And I have texts that say that she doesn't have to do it anymore. And then she says you said for — may I approach.

THE COURT: Sure.

MR. OGLE: Even though I threw away our first string of e-mails, Maeli is very good at keeping everything. So I got several motions depending on what the Court is inclined to do. One is to enforce the settlement agreement. But with her not here to admit or deny that we had a contract, I am going to ask the Court to review what I just showed you. Her --

THE COURT: I think you need to make those part of the record. It appears to me they are not part of the record right now, right. Me looking at them and them being part of the record is two different things.

MR. OGLE: What I did with -- Maeli is very upset with me that I don't know technological things like doing a screen save. I don't know what a screen save is. I don't know how to put e-mails -- I'm sorry to put text on to something that's in a readable form. I just don't know how to do it.

THE COURT: You're going to need to figure that out.

MR. OGLE: What I did do for the Court's convenience and mine was that I typed verbatim what she said into an attachment that I put as an attachment to the motion to what is this Motion for Sanctions and Breach of Contract. But if the Court is inclined to --

THE COURT: If you have it in there in that

form -- I didn't know that you had placed some sort of written document that you claim to purport were those texts. If you're satisfied with that that's up to you. I just didn't know that had happened. So you're telling me you looked at the text messages, typed them into the document that you filed with the Court, is that correct?

MR. OGLE: Yes I cherry picked them. I didn't put all them, it's a compilation of a condensation of a bunch of e-mails that she and I had that Mr. Batrice doesn't know about, he's never seen them. But I think Mr. Batrice can acknowledge by looking at the text that his now client admits there was an agreement. Her basis is that because I told her not to afterwards that she doesn't have to do it.

My basis is there was no consideration for that novation. And that she entered our agreement fraudulently by promising me -- by all of her conditions that we agreed to never happened. But that being aside I got I think enough to -- for the Court to make a ruling. However, if the Court would prefer that we set this to the side for a while and prolong this agony, I have a motion to preserve her text messages.

Along with a Motion for Leave to conduct post-judgment discovery. Having to do strictly with the details of the agreement, all that happened the cause of action that I had to begin with I am satisfied is over with.

The only thing I want the girl to do -- excuse me the woman to do is to take the lie-detector test that we agreed to. I'm on to much more important things that will make a difference. Such as filing a tax pair protest against this same church for purposes of removing their charitable tax status. On the basis of illegal activity, self-dealing, etcetera, etcetera.

But believe it or not a plaintiff lawyer does have an ounce of credibility until he loses it. And I want my credibility back the best way I can. And I feel that her taking a lie-detector test would satisfy me. That's why I dropped the lawsuit. I think the Court is aware that I've been personally involved in this lawsuit long enough. That I wouldn't just give her 2500.00, drop the lawsuit, and expect nothing in return.

And that's not what happened. And I think that the text messages certainly that I threw away along with the text messages after I realized the error of my ways, confirms that we had an agreement. She breached the agreement. And now she just wants to give me back my 2500.00 and tell me to go away. Oh she said, peace, with my 2500.00. She was to give that to me yesterday. I told her keep the 2500.00 and take the test. She won't do that. And I find that to be telling above all. That she refuses to take the lie-detector test because she prefer that I stay under the bus. And her remain with her credibility along with a little felony I think

involved in reporting — lying to a federal investigator. But that's her bridge to cross not mine.

THE COURT: All right, thank you. Mr. Batrice.

MR. BATRICE: Yes, Your Honor, to avoid the soap opera Your Honor. The — well one of the many motions that are in front of you is Motion to Sanctions and Relief of Breach of Settlement agreement, I am reading that verbatim. Amended Motion for Sanctions and Relief of Breach of Settlement Agreement. Your Honor the original cause of action had no settlement agreement, there was no contract.

This original cause of action under this cause number was non-suited. That nonsuit — if I may approach. That nonsuit was file stamped on November 21st of this year Your Honor. This motion has no bearing. It's a new cause of action it should be filed as such. That's our number one argument. That has nothing to do with this cause of action which was already non-suited there is no such motion that exist.

THE COURT: There may or may not be a contract but if one exist it would need to exist in separate cause number because this cause number was settled with a — however it was settled. The plaintiff, Mr. Ogle, took a nonsuit and therefore it can't be in this cause number.

MR. BATRICE: That's our primary argument, yes, sir. Our secondary argument is that I was just retained today



so if you do want to entertain this we ask for leave so we can look at the entirety of a whole contract if such animal exist. In the doctrine of optional completeness whatever was on that phone that was offered to you or that was not offered in evidence it still sits there. Whatever was typed "quote/unquote" verbatim.

Yeah finally something about a post-judgment discovery. My understanding is it was a nonsuit without prejudice. There is no judgment. There is no post-judgment discovery without a judgment. And that's pretty much the short answer of our argument, thank you.

THE COURT: All right, thank you. Yes, sir.

MR. OGLE: If I may Your Honor. The agreement that we had is a compilation of text messages. It was in writing as far as I am concerned.

THE COURT: He is not suggesting you didn't have an agreement yet. He is suggesting the said agreement would be different than the original lawsuit. There is no agreement that was in six two three. Once the judgment had been done in six two three, it was not part of six two three which is the cause number. Having done so, you would need to file a separate cause of action alleging that she breached a separate agreement in the compilation that in fact you had.

He is not suggesting you didn't have one. He is suggesting you need a new cause of action to do it.

456

MR. OGLE: My argument is the settlement agreement we had with previous text messages that comprise the settlement agreement with this cause number was why I non-suited the case. So that is —

THE COURT: You're saying —

MR. OGLE: — connected.

THE COURT: — all the text messages were part of this nonsuit.

MR. OGLE: Absolutely — sorry.

THE COURT: That failing to have done so, failure to have complied with the agreement that was part of the nonsuit, vitiates your nonsuit.

MR. OGLE: I don't know what vitiates means but that sounds good.

THE COURT: Okay. Thank you, I will take a look at it.

MR. OGLE: Which way you leaning. Would you like orders or motions.

THE COURT: Absolutely.

2:55 p.m. Court Adjourned.



13

REPORTER'S CERTIFICATE

THE STATE OF TEXAS)

COUNTY OF TRAVIS)

I, Amanda Anderson, Official Court Reporter in and for County Court at Law #2 of Travis County, Texas, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

WITNESS MY OFFICIAL HAND this the 19th day of December, 2014.

/s/Amanda Anderson
Amanda Anderson, Texas CSR #8404
Expiration Date:12/31/2014
Official Court Reporter
County Court at Law #2
PO Box 1748
Austin, Texas 78767
(512) 854-9250

# EXHIBIT D

459

**Paul Batrice**

**From:** Scott Ogle <soglelaw@peoplepc.com>
**Sent:** Friday, April 17, 2015 5:50 PM
**To:** Paul Batrice
**Subject:** RE: LLDM Investigation

Oh, for Christ's sake. The videos are widely available on the internet. Do you need a link? I have the originals at my office. So, let me think what you would do... I'll give you the name of the videographer, and you can arrange shipment through her.

"show the truth" to .. minimum value of BOC. I can't decide. Similar to my condition when I told your client she didn't have to take the lie detector, I am not in a mood to discuss amounts you are probably trying to corner me to pleading with other implications. I am looking forward to a jury of your peers decidingk the whole thing. What you consider nothing is important to me, and most others.

Otherwise, file your quashes and compels with your facebook friends. The lack of partiality, and clear indications of computer compromised information, I may need a continuance already.

-----Original Message-----
>From: Paul Batrice <Paul@Batricelawfirm.com>
>Sent: Apr 17, 2015 3:46 PM
>To: 'Scott Ogle' <soglelaw@peoplepc.com>
>Subject: RE: LLDM Investigation
>
>Your discovery responses say the video is available at your office; however, your email says otherwise. Please amend your RFD responses to show the truth to (I), and include a minimum value for your breach of contract damages (D) to avoid another Motion to Compel.
>
>Paul Batrice
>Batrice Law Firm
>1114 Lost Creek Blvd., Suite 440
>Austin, TX 78746
>P: 512.600.1000
>F: 512.600.0217
>Facebook
>
>
>
>This electronic communication (including any attached document) may contain privileged and/or confidential information. If you are not an intended recipient of this communication, please be advised that any disclosure, dissemination, distribution, copying, or other use of this communication or any attached document is strictly prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail and promptly destroy all electronic and printed copies of this communication and any attached document.
>
>-----Original Message-----
>From: Scott Ogle [mailto:soglelaw@peoplepc.com]
>Sent: Friday, April 17, 2015 3:30 PM
>To: Paul Batrice - LLDM
>Subject: LLDM Investigation

1

460

Cause No. C-1-CV-14-011792

| | | |
|---|---|---|
| SCOTT OGLE, | § | IN THE COUNTY COURT |
|     Plaintiff, | § | |
| | § | |
| vs. | § | AT LAW 2 |
| | § | |
| MAELI HECTOR, | § | |
| AKA MAELI ARELLANO, | § | |
| AKA MAELI JOHNSON, | § | |
|     Defendant. | § | TRAVIS COUNTY, TEXAS |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO PROMISSORY ESTOPPEL

The Court considered Defendant's Motion for Summary Judgment as to Promissory Estoppel, Plaintiff Pro Se's Response, the evidence and arguments presented by the parties, and finds that Defendant's Motion is **GRANTED** and makes the following findings:

\_\_\_\_\_ **IT IS THEREFORE ORDERED** that judgment is entered in favor of Defendant and against Plaintiff Pro Se on the sole remaining claim of Promissory Estoppel.

This judgment disposes of all parties and all claims.

Signed on _____.

_____
JUDGE TODD WONG

# EXHIBIT E

Filed: 6/24/2015 4:18:58 PM
Dana DeBeauvoir
Travis County Clerk
C-1-CV-14-011792
Andrea Scott

CAUSE NO. C-1-CV-14-011792

| | | |
|---|---|---|
| SCOTT OGLE,<br>Plaintiff, | § | IN THE COUNTY COURT |
| | § | |
| v. | § | AT LAW 2 |
| | § | Case # C-1-CV-14-011792 |
| MAELI HECTOR, | § | |
| DICKY GRIGG, and | § | |
| STEPHEN REID MINOT, | § | 000987732 |
| Defendants. | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S RESPONSE TO DEFENDANT MAELI HECTOR'S MOTION FOR SUMMARY JUDGMENT AS TO PROISSORY ESTOPPLE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Plaintiff, Scott Ogle, and hereby files his first answer to Defendant Maeli Hector's Motion for Summary Judgment as to Promissory Estopple, and in support hereof would show the Court as follows:

Defendant's reliance upon *Nagle v. Nagle*, 633 S.W.2d 796 is flawed as that case involved a real estate transaction -- an agreement that must be reduced to writing. In the instant case, Defendant's agreement, relied upon by Plaintiff as evidenced by dismissing a lawsuit and paying her twenty-five hundred dollars ($2,500.00) is not required to be supported by a written agreement. There are factual issues and Defendant has failed to conclusively prove the Summary Judgment should be granted. She promised, Plaintiff relied to his detriment, and now Defendant just wants to walk. The granting of this Defendant's motion would cause great injustice.

### I. Standards of Review

A traditional summary judgment motion must be denied unless it conclusively proves

"there are no genuine issues of material fact" after the court accepts "as true all evidence favoring the nonmovant, indulging every reasonable inference and resolving all doubts in the nonmovant's favor," and the movant is therefore "entitled to judgment as a matter of law." *Reininger v. Texas Bldg. & Procurement Com'n*, 259 S.W.3d 364, 366 (Tex. App.—Austin 2008, pet. denied) (citing Tex. R. Civ. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985)). A defendant moving for summary judgment must negate as a matter of law at least one element of each of the plaintiff's theories of recovery or plead and prove as a matter of law each element of an affirmative defense. *Reininger*, 259 S.W.3d at 366 (citing *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995)). The burden does not shift to the plaintiff to present evidence raising a fact issue unless the defendant first meets its burden. *Reininger*, 259 S.W.3d at 366 (citing *Centeq Realty*, 899 S.W.2d at 197).

## II. FACTS

Defendant agreed to take a lie detector test in exchange for the dismissal of a lawsuit against her and the payment of twenty-five hundred dollars ($2,500.00). *Exhibit A*. Plaintiff relied upon Defendant's agreement in that he dismissed a lawsuit that would now be barred by the statute of limitations. *Id.* Defendant also agreed to return twenty-five hundred dollars ($2,500.00) after refusing to take a lie detector test. *Id.* These facts are evidenced by the affidavit attached hereto and Defendant should not be allowed to scam her way out of a lawsuit, unjustly take twenty-five hundred dollars ($2,500.00), and walk out of court free.

As evidenced by the affidavit attached hereto, Defendant entered into an oral agreement,

2

Plaintiff relied upon that agreement to his detriment, and now Defendant is using the Court to attempt to shirk her pledge and steal twenty-five hundred dollars ($2,500.00).

## III. OPEN COURTS VIOLATION

Defendant's request for an Order that Plaintiff hire an attorney to proceed in this matter is nothing short of harassment and a clear attempt to encourage the Court to violate the Open Courts provision of the Texas Constitution.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court deny Defendant's motion for summary judgment, and grant all further relief.

Respectfully submitted,

By:_____
Scott P. Ogle
State Bar No. 00797170
2028 W. Ben White Blvd.
Austin, Texas 78704
Telephone:   (512) 442-8833
Facsimile:   (512) 442-3256
Email: solgelaw@peoplepc.com
Plaintiff Pro Se

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served upon the defendant via email on this 24th day of June, 2015.

By Facsimile 512 600 0217

3

Mr. Paul Batrice
1114 Lost Creek Blvd., Suite 4400
Austin, Texas
Attorney for Defendant Maeli Hector

Scott Ogle

500

# AFFIDAVIT

STATE OF TEXAS      §

                       §          KNOW ALL MEN BY THESE PRESENTS

COUNTY OF TRAVIS      §

BEFORE ME, the undersigned authority on this day personally appeared the undersigned signatories, who, after being first duly sworn upon their oath depose and say:

1. My name is Scott Ogle. I have personal knowledge of the facts stated herein. I am legally competent to make this affidavit and I am over the age of eighteen (18).

2. Defendant agreed to take a lie detector test in exchange for the dismissal of a lawsuit against her and the payment of twenty-five hundred dollars ($2,500.00). I relied upon Defendant's agreement in that I dismissed a lawsuit that would now be barred by the statute of limitations. Defendant also agreed to return twenty-five hundred dollars ($2,500.00) after refusing to take a lie detector test. She has refused to do either. I would not have dismissed my lawsuit but for her promise to take a lie detector test and would not have filed this suit if Defendant had just lived up the promise she made.

3. I have no interest whatsoever in Defendant excepting that she lives up to her promises and tells the truth about the so-called church LLDM that molested her and many others.

EXECUTED this 2̲9̲t̲h̲ day of June, 2015.

5

501

By: _____

THE STATE OF TEXAS §

§

COUNTY OF TRAVIS §

This instrument was sworn to and acknowledged before me on the 2<u>4th</u> day of June 2015 by Scott Ogle.

(Seal)



Notary Public, State of Texas

David H. Patrick
Notary Public,
State of Texas
Expires:08-12-2018

6

# EXHIBIT F

CIVIL PRACTICE AND REMEDIES CODE
TITLE 2. TRIAL, JUDGMENT, AND APPEAL
SUBTITLE A. GENERAL PROVISIONS
CHAPTER 10. SANCTIONS FOR FRIVOLOUS PLEADINGS AND MOTIONS

Sec. 10.001.  SIGNING OF PLEADINGS AND MOTIONS.  The signing of a pleading or motion as required by the Texas Rules of Civil Procedure constitutes a certificate by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry:

(1)  the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2)  each claim, defense, or other legal contention in the pleading or motion is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3)  each allegation or other factual contention in the pleading or motion has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;  and

(4)  each denial in the pleading or motion of a factual contention is warranted on the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.
Added by Acts 1995, 74th Leg., ch. 137, Sec. 1, eff. Sept. 1, 1995.


Sec. 10.002.  MOTION FOR SANCTIONS. (a)  A party may make a motion for sanctions, describing the specific conduct violating Section 10.001.

(b)  The court on its own initiative may enter an order describing the specific conduct that appears to violate Section 10.001 and direct the alleged violator to show cause why the conduct has not violated that section.

(c)  The court may award to a party prevailing on a motion under this section the reasonable expenses and attorney's fees

1

incurred in presenting or opposing the motion, and if no due diligence is shown the court may award to the prevailing party all costs for inconvenience, harassment, and out-of-pocket expenses incurred or caused by the subject litigation.
Added by Acts 1995, 74th Leg., ch. 137, Sec. 1, eff. Sept. 1, 1995.


Sec. 10.003.  NOTICE AND OPPORTUNITY TO RESPOND.  The court shall provide a party who is the subject of a motion for sanctions under Section 10.002 notice of the allegations and a reasonable opportunity to respond to the allegations.
Added by Acts 1995, 74th Leg., ch. 137, Sec. 1, eff. Sept. 1, 1995.


Sec. 10.004.  VIOLATION;  SANCTION.  (a)  A court that determines that a person has signed a pleading or motion in violation of Section 10.001 may impose a sanction on the person, a party represented by the person, or both.

(b)  The sanction must be limited to what is sufficient to deter repetition of the conduct or comparable conduct by others similarly situated.

(c)  A sanction may include any of the following:

(1)  a directive to the violator to perform, or refrain from performing, an act;

(2)  an order to pay a penalty into court;  and

(3)  an order to pay to the other party the amount of the reasonable expenses incurred by the other party because of the filing of the pleading or motion, including reasonable attorney's fees.

(d)  The court may not award monetary sanctions against a represented party for a violation of Section 10.001(2).

(e)  The court may not award monetary sanctions on its own initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party or the party's attorney who is to be sanctioned.

(f)  The filing of a general denial under Rule 92, Texas Rules of Civil Procedure, shall not be deemed a violation of this chapter.
Added by Acts 1995, 74th Leg., ch. 137, Sec. 1, eff. Sept. 1, 1995.

Sec. 10.005.  ORDER.  A court shall describe in an order imposing a sanction under this chapter the conduct the court has determined violated Section 10.001 and explain the basis for the sanction imposed.

Added by Acts 1995, 74th Leg., ch. 137, Sec. 1, eff. Sept. 1, 1995.


Sec. 10.006.  CONFLICT.  Notwithstanding Section 22.004, Government Code, the supreme court may not amend or adopt rules in conflict with this chapter.

Added by Acts 1995, 74th Leg., ch. 137, Sec. 1, eff. Sept. 1, 1995.

# EXHIBIT G

> Vernon's Texas Rules Annotated
>   Texas Rules of Civil Procedure
>     Part I. General Rules (Refs & Annos)

TX Rules of Civil Procedure, Rule 13

Rule 13. Effect of Signing of Pleadings, Motions and Other Papers; Sanctions

Currentness

The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. Attorneys or parties who shall bring a fictitious suit as an experiment to get an opinion of the court, or who shall file any fictitious pleading in a cause for such a purpose, or shall make statements in pleading which they know to be groundless and false, for the purpose of securing a delay of the trial of the cause, shall be held guilty of a contempt. If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215, [1] upon the person who signed it, a represented party, or both.

Courts shall presume that pleadings, motions, and other papers are filed in good faith. No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order. "Groundless" for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law. A general denial does not constitute a violation of this rule. The amount requested for damages does not constitute a violation of this rule.

**Credits**
Oct. 29, 1940, eff. Sept. 1, 1941. Amended by orders of July 15, 1987, eff. Jan. 1, 1988; April 24, 1990, eff. Sept. 1, 1990.

**Editors' Notes**

**COMMENT--1990**
  To require notice and hearing before a court determines to impose sanctions, to specify that any sanction imposed be appropriate, and to eliminate the 90-day "grace" period provided in the former version of the rule.

Notes of Decisions (612)

Footnotes
1        Probably Vernon's Ann.Rules Civ.Proc., rule 215.2(b).
Vernon's Ann. Texas Rules Civ. Proc., Rule 13, TX R RCP Rule 13
Rules of Civil Procedure, Rules of Evidence, and Rules of Appellate Procedure are current with amendments received through September 1, 2015. Bar Rules, Rules of Disciplinary Procedure, Code of Judicial Conduct, and Rules of Judicial Administration are current with amendments received through September 1, 2015. Other state court rules and selected county rules are current with rules verified through June 1, 2015.

# EXHIBIT H

---

Vernon's Texas Rules Annotated
  Texas Rules of Civil Procedure
    Part II. Rules of Practice in District and County Courts
      Section 4. Pleading
        C. Pleadings of Defendant

TX Rules of Civil Procedure, Rule 83

Rule 83. Answer; Original and Supplemental; Indorsement

Currentness

The answer of defendant shall consist of an original answer, and such supplemental answers as may be necessary, in the course of pleading by the parties to the suit. The original answer and the supplemental answers shall be indorsed, so as to show their respective positions in the process of pleading, as "original answer," "defendant's first supplemental answer," "defendant's second supplemental answer," and so on, to be successively numbered, named and indorsed.

**Credits**
Oct. 29, 1940, eff. Sept. 1, 1941.

Notes of Decisions (14)

Vernon's Ann. Texas Rules Civ. Proc., Rule 83, TX R RCP Rule 83
Rules of Civil Procedure, Rules of Evidence, and Rules of Appellate Procedure are current with amendments received through September 1, 2015. Bar Rules, Rules of Disciplinary Procedure, Code of Judicial Conduct, and Rules of Judicial Administration are current with amendments received through September 1, 2015. Other state court rules and selected county rules are current with rules verified through June 1, 2015.

---

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.



**EXHIBIT I**

Vernon's Texas Rules Annotated
  Texas Rules of Civil Procedure
    Part II. Rules of Practice in District and County Courts
      Section 11. Trial of Causes
        H. Judgments

TX Rules of Civil Procedure, Rule 301

Rule 301. Judgments

Currentness

The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. Provided, that upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any jury finding on a question that has no support in the evidence. Only one final judgment shall be rendered in any cause except where it is otherwise specially provided by law. Judgment may, in a proper case, be given for or against one or more of several plaintiffs, and for or against one or more of several defendants or intervenors.

**Credits**
Oct. 29, 1940, eff. Sept. 1, 1941. Amended by order of July 15, 1987, eff. Jan. 1, 1988.

Notes of Decisions (2981)

Vernon's Ann. Texas Rules Civ. Proc., Rule 301, TX R RCP Rule 301
Rules of Civil Procedure, Rules of Evidence, and Rules of Appellate Procedure are current with amendments received through September 1, 2015. Bar Rules, Rules of Disciplinary Procedure, Code of Judicial Conduct, and Rules of Judicial Administration are current with amendments received through September 1, 2015. Other state court rules and selected county rules are current with rules verified through June 1, 2015.

**End of Document**© 2015 Thomson Reuters. No claim to original U.S. Government Works.